**EVERSOLE, Plaintiff-Appellee, v. COLUMBUS (City), Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5720. Decided February 11, 1958.

Rowe. Dunkle & Davis, Arthur L. Rowe, William D. Edwards, of Counsel, Columbus, for plaintiff-appellee.

Russell Leach, City Atty., John W. E. Bowen, Chief Counsel, Hervey A. Bain, Asst. City Atty., Columbus, for defendant-appellant.

## OPINION

By PETREE, PJ.

This is an appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County in favor of plaintiff, appellee herein, who recovered from defendant, appellant herein, the sum of $2,300.00 and costs upon a verdict rendered by a jury after appellant moved for a directed verdict and from the final order of said court overruling the motion for a new trial.

Appellant sets out four assignments of error which are as follows:

1. The Court of Common Pleas erred in overruling the motion of defendant-appellant for a directed verdict at the close of plaintiff-appellee's case.

2. The Court of Common Pleas erred in overruling the motion of the defendant-appellant for a directed verdict made at the completion of all evidence.

3. The Trial Court of Common Pleas erred in overruling the motion of the defendant for a new trial.

4. The Trial Court of Common Pleas erred in the exclusion of evidence offered by defendant-appellant to the prejudice of defendant-appellant.

The City of Columbus, through its Department of Recreation, was operating a school called the Columbus Arts and Crafts Center at 738 Oak Street, which the appellee, Ruth Eversole, was attending as a student and for which appellee had paid $1.50 to cover the cost of materials and equipment used in the various art classes. Appellee claims that she was injured in a fall and that her injuries were caused solely and proximately by the carelessness and negligence of the appellant in the following particulars:

1. In maintaining in said building on said premises for the use of persons being instructed in said class an unlighted and unguarded stairway.

2. In failing and neglecting to properly light the clothes closet in said premises.

3. In inviting the plaintiff to place her coat in an unlighted clothes closet in said premises without first warning the plaintiff of an unlighted stairway in said closet.

The place where the appellee fell was a stairway leading from the floor of a closet where she had been informed by an instructor at the Arts Center that she might find a coat hanger.

The first two assignments of error go to the question of whether the court should have directed a verdict in favor of the appellant. It is our opinion that there was sufficient evidence to establish beyond any question that the activity engaged in by the City of Columbus through its Recreation Department at the time of the injuries complained of was a

governmental function. That being so, the case falls squarely under the rule laid down by the Supreme Court of Ohio in **Selden v. Cuyahoga Falls, 132 Oh St 223,** where the following language is used in Syllabus 2:

"2. While acting in such governmental capacity a municipality incurs no liability in tort for common-law negligence."

Unless it were alleged and proved that the condition of the stairway in question, down which appellee fell, constituted a nuisance, she could not recover. In this case there is neither allegation nor proof of nuisance nor defective condition of the closet and stairway in question. In Selden v. Cuyahoga Falls, supra, Syllabi 3 and 4 are as follows:

"3. The term 'nuisance' is not synonymous with 'negligence' and does not necessarily rest upon the degree of care used, although a nuisance may be and frequently is the consequence of a negligent act.

"4. The provision of §3714 GC, requiring a municipality to keep its public grounds free from nuisance is in derogation of the common law."

The case before us can be distinguished from that of **Gorsuch v. City of Springfield, 43 Abs 83,** where the court held:

"The maintenance and operation of a municipal golf course and club house at the election of the city in a municipal park by a golf commission of which the park superintendent was an ex-officio member, whereby the city was benefited by revenue in the nature of privilege fees, etc., with which to make permanent improvements in the park without a levy of taxes for such purpose, is a private and proprietary function as a matter of law under clear and uncontradicted evidence."

In that case the management and investment of income was under the control of a board or committee in a distinct and separate fund. The case at bar more nearly conforms to the Selden case.

We hold, therefore, that the trial court erred in overruling the motion for a directed verdict at the end of plaintiff's case and at the end of all the evidence on the ground that the City of Columbus was engaged in a governmental function at the time of the injuries complained of.

In view of our holding that sufficient evidence had been admitted to establish governmental function, we find that there was no error prejudicial to this appellant in the exclusion of additional evidence, covered by assignment of error No. 4.

The question of plaintiff's contributory negligence and whether it should have been submitted to a jury is one of considerable interest in view of the facts developed in this case. The trial court, we believe, was right in holding that to be a jury question. However, that is not the ground upon which the judgment of the trial court is reversed for its action in overruling the motion for a directed verdict. Assignment of error No. 3 is well taken upon the ground that the city was engaged in a governmental function at the time of the injuries herein complained of.

Inasmuch as we conclude that the evidence clearly established governmental function on behalf of the appellant, City of Columbus, and that the court erred in refusing to direct a verdict for said appellant, this court will render the judgment which the trial court should have rendered and enter judgment for appellant for its costs.

Judgment reversed and judgment for appellant for costs.

BRYANT and MILLER, JJ, concur.